*LLOYD vs. GRAHAM & AL.*

A married woman, who, jointly with her husband, purchases property from her father, cannot contradict the act of sale, and prove by parol evidence, the donation of it was contemplated.

APPEAL from the probate court of the parish of East Feliciana.

PORTER J. delivered the opinion of the court. The plaintiff, by this action, seeks to have a partition made of property, which she alleges she inherited from her deceased father, and now holds in common with her mother, and the other heirs of her father.

The mother claims the property in her own right, and denies the right of the plaintiff to have a division made of it. The court of the first instance decided in her favour, and the plaintiff appealed.

In support of the allegation in the petition, of the property being common, the plaintiff introduced an instrument *sous seing privé*, by which it appears, the land in question had been sold by the father of defendant, to her and her husband, for the sum of $1550.

Testimony was offered to show, that this sale was, in fact, a donation; that the deed was simulated. It was objected to, and we think the court erred in receiving it. This contract, on the face of it, was not such a one as the law prohibited the defendant from entering into, nor does the allegation on which she seeks to avoid it, show it to have been one of those, where she was incapacitated from binding herself. She is, therefore, within the operation of that principle of our jurisprudence, which forbids parol proof being received against the contents of a written instrument. *Vol.* 1, 451, *ib.* 454.

The counter letter, which it was contended, proves the allegation in the answer, we think strengthens the case of the plaintiff. The estimation given to the property received, taken with the sale, proves, that it was the intention of the parties, the land and slaves should enter into the community, and the husband be responsible for their value.

It is therefore ordered, adjudged and decreed, that the judgment of the probate court be annulled, avoided and reversed, and it is further ordered adjudged and decreed, that the case be remanded to the said court, with

Eastern District. directions to the judge, to proceed, and make
*March,* 1830. the partition claimed in the petion, and it is
Lloyd further ordered, that the appellee pay the
*vs.*
Graham & al. costs of this appeal.

*Ripley* for appellants.